UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

EDWARD P. GARDNER,                        )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )     No.      3:26-CV-304-TAV-JEM
                                          )
SHAWN PHILLIPS,                           )
                                          )
            Defendant.                    )

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner housed in the Morgan County Correctional Complex ("MCCX"), filed a pro se complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, Plaintiff's motion [Doc. 2] will be **GRANTED**, and only Plaintiff's First Amendment claim against MCCX Warden Shawn Phillips in his official capacity regarding limitations on Plaintiff's ability to obtain reading materials while in punitive segregation will proceed herein.

## I.    FILING FEE

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] that he cannot pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 2] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is

the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This memorandum opinion and order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.      COMPLAINT SCREENING

### A.      Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals

2

for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### 2. Allegations

Plaintiff categorizes his complaint as seeking relief for denial of "[his] First Amendment right to reading material" [Doc. 1, p. 3]. Plaintiff specifically asserts that a TDOC policy prevents him from getting a library book and that he cannot receive free books from "free prison book projects" [*Id.* at 3, 5]. Plaintiff also states that he filed a

3

grievance regarding the claim in his complaint, and that in this grievance he asserted that the TDOC policy that prevents him from getting a library book "is illegal by discriminating against inmates who have anxiety around other inmates" [*Id.* at 7].

Additionally, in a letter he included with his complaint, Plaintiff again indicates that he cannot get books from the library, and that Warden Phillips stopped the free book program [*Id.* at 19]. Based on these statements, Plaintiff asserts that prisoners who are indigent and do not have other support cannot obtain "outside books or anything to read" [*Id.*]. Plaintiff then restates his request for books from the library and free book programs before stating that he is unaware of how to make Warden Phillips aware of his lack of access to books, as he has filed grievances, but they are returned to him due to violations of grievance requirements [*Id.*].

Plaintiff also filed various other documents with his complaint [*Id.* at 12–18] that the Court considers part of the complaint. *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) ("[D]ocuments attached to the pleadings become part of the pleadings[.]" (citing Fed. R. Civ. P. 10(c))).[1] The Court will only summarize the attachments to Plaintiff's complaint that are relevant to his claims herein.

---

[1] The Court further notes that the Sixth Circuit has found that, to the extent these exhibits contradict the complaint allegations, "the exhibit trumps the allegations." *Brown v. Louisville-Jefferson Cnty. Metro Gov't*, 135 F.4th 1022, 1030 (6th Cir. 2025) (citing *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 576 (6th Cir. 2021)).

The first document Plaintiff included with his complaint is titled "HSU Leisure Library Checkout Rules and Procedures" [*Id.* at 12]. It states in relevant part that HSU prisoners are allowed one book and two "extra leisure materials" per week [*Id.*].

The second document Plaintiff attached to his complaint is a TDOC memorandum from "Stacy Oakes AWT" dated August 16, 2024, indicating that "[e]ffective immediately family members or others" could only order books from three approved vendors [*Id.* at 13]. The Court also takes judicial notice[2] that, in a prior lawsuit he filed asserting a similar claim regarding his inability to obtain free books from prison book programs, Plaintiff filed a letter to him from TDOC Assistant Commissioner L.R. Thomas dated September 18, 2024, regarding purchasing of books, in which Assistant Commissioner Thomas indicated that MCCX implemented changes to the book ordering process "to prevent [and] deter . . . contraband introductions for the safety of all concerned." *Gardner v. Phillips*, No. 3:25-CV-580, Doc. 1-1 p. 1 (E.D. Tenn. Dec. 23, 2025). Assistant Commissioner Thomas further stated in this letter that while these changes may cause temporary inconvenience, "[o]rganizations that provide free books are encouraged to work directly with the facility to ensure they follow the appropriate donation procedures." *Id.*

The third relevant document Plaintiff filed with his complaint is the TDOC policy and procedure that he asserts prevents him from getting a library book [Doc. 1, p. 14]. This policy and procedure states in relevant part that "[i]nmates in punitive segregation shall

---

[2] The Court may take judicial notice of its own records. *See* Fed. R. Evid. 201(b)(2); *United States v. Doss*, 563 F.2d 265, 269 n. 2 (6th Cir. 1977).

only be permitted access to legal, religious study library materials, and educational materials pertaining to teacher-issued assignments" [*Id.*].

Plaintiff has sued MCCX Warden Phillips [*Id*. at 1–2]. As relief, Plaintiff requests that he be allowed to receive free books or a library book [*Id*. at 5].

### C. Analysis

First, Plaintiff's allegation that a TDOC policy only allows prisoners and others, including prisoner free book programs, to order books through three approved vendors due to concerns about contraband and safety do not allow the Court to plausibly infer a violation of his constitutional rights, as "[i]t is well established that prison officials may limit a prisoner's receipt of publications to authorized vendors." *Percival v. McGinnis*, 24 F. App'x 243, 247 (6th Cir. 2001) (citing *Skelton v. Pri–Cor, Inc.*, 963 F.2d 100, 103–04 (6th Cir. 1991)). Thus, the Court cannot plausibly infer a violation of Plaintiff's constitutional rights from the fact that organizations who send prisoners like Plaintiff free books now must use only the approved book vendors.

Also, to the extent that Plaintiff seeks to assert a claim for equal protection in his complaint based on his assertion that he filed a grievance asserting that the TDOC policy limiting inmates in punitive segregation to accessing "legal, religious study library materials, and educational materials pertaining to teacher-issued assignments" discriminates against inmates who have anxiety around other inmates, this allegation is fully conclusory, and Plaintiff's complaint does not include any facts from which the Court can plausibly infer that Warden Phillips has denied him equal protection of the law. *Iqbal*,

556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

As set forth above, Plaintiff also alleges that the TDOC policy that only allows prisoners in punitive segregation access to "legal, religious study library materials, and educational materials pertaining to teacher-issued assignments" violates his First Amendment rights. To the extent Plaintiff intended to assert this claim against Warden Phillips in his individual capacity, it fails to state a plausible claim for violation of § 1983, as it is apparent from the letter Plaintiff filed with the complaint that Plaintiff believes Warden Phillips is unaware that he cannot receive other reading materials, and nothing in the complaint plausibly suggests that Warden Phillips has denied Plaintiff reading materials. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a § 1983 claim upon which relief may be granted).

However, Plaintiff's claim that the restriction on his ability to obtain reading material while in punitive segregation violates his First Amendment rights will proceed herein against Warden Phillips in his official capacity. *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017) (providing that the doctrine set forth in *Ex Parte Young*, 209 U.S. 123 (1908) allows a plaintiff to "bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." (citing *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008))); *Bethel v. Jenkins*, No. 16-4185, 2017 WL 4863118, at *2–3 (6th Cir. Sept. 22, 2017).

7

### III. CONCLUSION

For the reasons set forth above:

1.  Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2.  Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.  The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.  The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5.  This action will proceed only as to Plaintiff's First Amendment claim against Defendant Warden Phillips in his official capacity regarding limitations on Plaintiff's ability to obtain reading materials while in punitive segregation, and all other claims are **DISMISSED**;

6.  The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Phillips;

7.  Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order;

8.  At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

9.  Service on Defendant Warden Phillips shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

10. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed without further notice;

11. Defendant Warden Phillips shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Warden Phillips fails to timely respond to the complaint, it may result in entry of judgment by default against him; and

12. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Warden Phillips or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9